UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
PRISCILLA KELLY, : CASE NO. 1:15-CV-01019
:
      Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 5]
U.S. BANK NATIONAL ASSOCIATION, :
*et al.,* :
:
      Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Priscilla Kelly challenges the transfer of her mortgage to the Defendants. She asserts claims against Nationstar Mortgage, LLC ("Nationstar") under the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"),and the Fair Credit Reporting Act ("FCRA"), and against Nationstar and US Bank National Association ("US Bank") for fraud, an accounting, and quiet title. She asks the Court to rescind the loan, quiet title in her name, and terminate any foreclosure proceedings against her. Defendant US Bank moves to dismiss Kelly's Complaint for failure to state a claim. For the following reasons, the Court GRANTS the Motion (Doc. No. 5).

## I. Background

    On December 19, 2005, Plaintiff Priscilla Kelly signed a promissory note and mortgage for the property at 12101 Oakfield Avenue, Cleveland, Ohio. Argent Mortgage Company

("Argent") was the lender.  Kelly alleges her loan later became "securitized," meaning it was pooled with other loans and placed in a securitized trust.  Investors purchase shares in the trust and receive profits from the trust proportionate to the number of shares they own.  Kelly claims there are four steps in the process of setting up a securitized trust, and each transfer in the chain requires a "true sale."  She contends different divisions of Merrill Lynch attempted to complete the steps to transfer her loan to the securitized trust but they did not properly complete each of the steps.  Nevertheless, Defendants treated the loan as if it was properly transferred into the trust, with US Bank as the trustee and loan servicer.

US Bank assigned the mortgage to Nationstar and recorded the assignment on November 1, 2013.  Kelly asserts that because the transfer to US Bank as Trustee was not accomplished properly, US Bank's assignment to Nationstar was ineffective.  She indicates Nationstar is pursuing a foreclosure action against her, and claims they do not have standing to enforce payment of the loan.[1]

Kelly asserts six claims for relief.  The first three are directed only to Nationstar, and are not before the Court in this Motion to Dismiss.  The remaining three claims are asserted against both US Bank and Nationstar.  She asserts the Defendants committed fraud by convincing her to make mortgage payments when they did not have an interest in the loan.

She asks this Court to order Defendants to provide an accounting of the distribution of funds to their investors.  She also filed a quiet title claim seeking title to the property without the mortgage, and enjoining the Defendants from pursuing a foreclosure action.

---

[1] The Court cannot find a record of a foreclosure action filed against Kelly, either in the Cuyahoga County Court of Common Pleas or in this District Court.

US Bank filed a Motion to Dismiss that argues Plaintiff failed to state a claim for fraud, is not entitled to an accounting of distributions to their investors, and did not state a claim to quiet title. First, they claim she did not state a claim for fraud because she did not identify a specific false statement and did not suggest how she may have been injured by it. Second, they assert Kelly was provided with an accounting of the principal, interest, and payment history for her loan, but is not entitled to an accounting of the disbursement of dividends to investors. Finally, they argue she should not be permitted to have title to her house free and clear of the mortgage.

## II. Legal Standard

To survive a Motion to Dismiss, a Complaint must contain enough facts, accepted as true, to "state a claim to relief that is plausible on its face."[2] The allegations do not have to be extremely detailed, but they have to show "more than a sheer possibility that the Defendant has acted unlawfully."[3]

While the Court takes into consideration that *pro se* litigants are not attorneys and does not hold their pleadings to the same standards,[4] Kelly must still meet the basic pleading requirements of Federal Civil Procedure Rule 8. To do this, her Complaint must contain "a short and plain statement of the claim" showing she is entitled to the relief she requests.[5]

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] *Id.*

[4] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[5] Fed.R.Civ.P. 8(a)(2).

Although Rule 8 does not require her to meet hyper-technical legal standards, or plead the proper subsection of each statute, "it does not unlock the doors of discovery" if her claims are stated as nothing more than legal conclusions.[6]

### III. Analysis

**A. Fraud Claims**

US Bank contends Kelly did not allege enough facts to support a fraud claim. To state a claim for fraud, Kelly must allege US Bank made a statement to her, that was important to the transaction, which US Bank knew to be false, and which they made with the intention of misleading her to rely upon it. Kelly must also allege she was injured by the misrepresentation.[7] Federal Civil Procedure Rule 9(b) requires fraud claims to be stated with particularity.

The Sixth Circuit reads this rule liberally, requiring a plaintiff, at a minimum, to allege facts showing the time, place, and content of the alleged misrepresentation on which she relied.[8] She also must show that the Defendants intended to defraud her; and that she sustained an injury from the fraud.[9] Basically, Kelly must allege enough facts to give the Defendants sufficient notice of the statements they allegedly made that she considers to be misrepresentations so that they can respond to her fraud claim in an informed way.[10]

---

[6] *Iqbal*, 556 U.S. at 678–79 (citations omitted)

[7] *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus.

[8] *Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 679 (6th Cir.1988); *Ballan v. Upjohn Co.*, 814 F.Supp. 1375, 1385 (W.D. Mich.1992).

[9] *Id.*

[10] *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

Defendants say Kelly did not identify any particular misrepresentation they made and did not allege any injury from a misrepresentation. She alleges her mortgage was transferred into a securitized trust which sells shares of the trust to investors.

Plaintiff Kelly admits this arrangement is not illegal, but says the Defendants did not follow all of the steps to properly transfer her mortgage to the trust. She does not identify any false statements US Bank made to her with an intent to deceive her. She does not allege she is being subjected to conflicting requests for payment. She does not dispute the amount of her mortgage payment nor the accounting of her principle and interest balances. Kelly does not say anything in her Complaint that could be construed as fraud.

**B. Accounting claims**

Kelly also alleges that US Bank would not provide her with an accounting of dividends paid to investors in the mortgage trust. She does not identify a legal cause of action that would require US Bank to give her this kind of information.

It is possible she could be attempting to assert this claim under RESPA, which requires the mortgage servicer to respond a "qualified written request" ("QWR") from a borrower who wants information about the servicing of the loan.[11] RESPA defines the term "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan," and making the payments to the borrower's creditors from the escrow account.[12] In this case, Kelly asked US Bank for an accounting of dividends paid to their investors. This request is not within the scope of RESPA. She admits the Defendants provided her with payment histories,

---

[11] 12 U.S.C. § 2605(e)(1)(B).

[12] 12 U.S.C. § 2605(i)(3).

and balances of her loan principal and interest. She fails to allege facts suggesting US Bank did not comply with this portion of RESPA.

**C. Quiet Title Claims**

Finally, US Bank asserts Kelly is not entitled to quiet title to obtain a mortgage-free home. In Ohio, quiet title claims are governed by Ohio Revised Code § 5303.01.[13] Ohio courts, however, have consistently determined that when a borrower voluntarily signs a mortgage, that mortgage cannot be removed or extinguished through a quiet title action, even if the mortgage holder's later attempts to assign the mortgage are defective.[14] Kelly's quiet title claim must be dismissed.

### IV. Conclusion

Accordingly, US Bank's Motion to Dismiss (Doc. No. 5) is granted. This action shall proceed solely on Plaintiff's claims against Nationstar Mortgage, LLC.

IT IS SO ORDERED.


Dated: September 30, 2015                    *s/    James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[13] Ohio Rev. Code § 5303.01 states: "[a]n action may be brought by a person in possession of real property, by himself or tenant, against any such person who claims an interest therein adverse to him, for the purpose of determining such interest."

[14] *See, e.g., Buckner v. Bank of New York*, No. CA 2013-07-053, 2014 WL 645001, at *5 (Ohio Ct. App. Feb. 18, 2014); *Bank of New York Mellon Trust Co. v. Unger*, No. 97315, 2012-Ohio-1950, ¶¶ 36-37 (Ohio App. Ct. May 3, 2012).